# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

DAVID ZELLER,

      Plaintiff,

      v.

SGT. ROBERT JORDAN and
CO II LATASHA BARRETT,

      Defendants.

Civil Action No. TDC-17-1629

## MEMORANDUM OPINION

Plaintiff David Zeller, an inmate at the Western Correctional Institution in Hagerstown, Maryland, submitted a handwritten document to the Court, construed as a Complaint, in which he has alleged that he was subjected to excessive force by Defendant Sgt. Robert Jordan on June 5, 2017 at Jessup Correctional Institution ("JCI") in Jessup, Maryland. Over the next month, Zeller filed three more writings asserting various allegations. Pending before the Court is Defendants' Motion to Dismiss the Complaint or, in the Alternative, Motion for Summary Judgment. Although Zeller was notified that he may file a memorandum in opposition to the Motion, he has not done so. Also pending is Zeller's Motion for Appointment of Counsel. Having reviewed the submitted materials, the Court finds that no hearing is necessary to resolve the pending motions. *See* D. Md. Local R. 105.6. For the reasons set forth below, Zeller's Motion for Appointment of Counsel will be DENIED, and Defendants' unopposed Motion, treated as a Motion for Summary Judgment, will be GRANTED.

# BACKGROUND

## I. The Complaint

On June 12, 2017, Zeller initiated this action by filing a handwritten document asserting that on June 5, 2017, after he had barricaded himself in his cell at JCI by blocking the door with his wheelchair and bunk bed, Sgt. Jordan "pushed it back out of [the] way even though I was pressed with feet against back wall and pushin[g] back to hold it all against" him. Compl. at 1, ECF No. 1. Zeller alleged that after Jordan and "Ms. Bertt," later identified as Defendant CO II Latasha Barrett, entered his cell, he was beaten slapped, punched, and kicked. *Id.* He further alleged that his moisturizing lotion and therapeutic shampoo were poured over his head, his books were ripped, his property was scattered, and his shower bag containing his hygiene products was taken. Zeller does not specifically assert that either Jordan or Barrett were the persons who attacked him or destroyed his property or otherwise identify his assailants.

Zeller further alleged that Jordan and his "buddies, cohorts, [and] cronies" entered his cell a second time in June 2017 while he was sitting in his wheelchair and reading. Compl. at 4. According to Zeller, Jordan slapped him back and forth in the face. He also contends, without identifying the personnel involved, that he was prevented from receiving medical attention, medical staff refused to treat him, and his prescribed pain medication was abruptly discontinued.

## II. Amendments

After filing the Complaint, Zeller submitted three more handwritten documents on June 14, 2017, July 10, 2017, and July 11, 2017. Although difficult to decipher they appear to provide additional allegations, some related to the claims in the Complaint or in other cases filed by Zeller. Under Federal Rule of Civil Procedure 15, a party may amend the Complaint once as a matter of course within 21 days after serving it or within 21 days after the service of a responsive pleading.

2

Fed. R. Civ. P. 15(a)(1). Any additional amendments require leave of the court, which should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). On motion and reasonable notice," the court may "on just terms," permit a party to file a "supplemental pleading" to describe events "that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Because ECF No. 2, filed on June 14, 2017, was submitted within 21 days of the original Complaint, the Court will construe it as an Amended Complaint as of right. The Court will not grant leave to file the additional handwritten documents as amendments or supplements to the Complaint. First, these filings do not qualify as supplemental pleadings under Rule 15(d) because they do not simply describe events since the filing of the Complaint relating to the original allegations. Second, even if construed as proposed amended complaints, the Amended Complaint already accepted, ECF No. 2, has identified additional issues unrelated to the excessive force claim in the original Complaint. Zeller's propensity to seek to add new allegations prevents the orderly administration of justice by not permitting the Court and Defendants to have a definable pleading upon which to base their actions. The Court therefore finds that justice does not require, and indeed weighs against, acceptance of the additional amendments at this time. Any new proposed amendments in this case will be governed by the Court's Case Management Order, ECF No.30.

The Amended Complaint, consisting of 11 handwritten pages, contains portions that are indecipherable. To the extent that it can be understood, the Amended Complaint alleges that (1) Jordan and his "goon squads" pushed his bunk out of the way and beat, kicked, and stomped on him for a fourth time, and that because Jordan slapped Zeller's head, his cervical neck is damaged and causes significant pain, Am. Compl. at 5, ECF No. 2; (2) Jordan's wheelchair was taken; (3) he had not been seen by medical personnel since May 11, 2017 despite having swollen ankles and

legs and was not attended to properly; (4) that his library requests have been limited to one book per week; and (5) Zeller did not receive a welfare package for May 2017.

As relief, Zeller asks for the Court to send two U.S. Marshals to escort him out of JCI to a facility in which he would feel safe. Since that filing, Zeller has been transferred out of JCI. *See* http://www.dpscs.state.md.us/inmate/search.do?searchType=detail&id=182436316 (last viewed on July 17, 2019). Accordingly, the request for such injunctive relief is now moot. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (holding that the transfer of a prisoner mooted his Eighth Amendment claims for injunctive and declaratory relief); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987) (holding that the transfer of a prisoner rendered moot his claim for injunctive relief).

## DISCUSSION

### I.     Motion for Appointment of Counsel

On February 19, 2019, Zeller filed a Motion for Appointment of Counsel, without specifying in which of his pending cases he intended to file the Motion. In light of Zeller's self-represented status and the reasons he provides for his request for counsel, the Motion was docketed in this matter and his other pending cases, *Zeller v. Wexford*, TDC-17-1425, *Zeller v. Choi*, TDC-17-2030, *Zeller v. Zhou*, PWG-2650, and *Zeller v. Wexford*, PWG-17-3136. Zeller's Motions are separately considered in each case.

Zeller requests appointment of counsel in this case because he has filed many cases in this Court and suffers from mental illness, making it difficult for him to effectively manage his litigation. He provides no specific reason why he is unable to litigate the instant case on his own. "The court may request an attorney to represent any person" proceeding *in forma pauperis* who is "unable to afford counsel." 28 U.S.C. § 1915(e)(1) (2012). In civil actions, the Court appoints

4

counsel only in exceptional circumstances. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). In doing so, the Court considers "the type and complexity of the case," whether the plaintiff has a colorable claim, and the plaintiff's ability to prosecute the claim. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984) (citations omitted), *abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989). Exceptional circumstances include a litigant who "is barely able to read or write," *id.* at 162, or clearly "has a colorable claim but lacks the capacity to present it," *Berry v. Gutierrez*, 587 F. Supp. 2d 717, 723 (E.D. Va. 2008); *see also Altevogt v. Kirwan*, No. WDQ-11-1061, 2012 WL 135283, at *2 (D. Md. Jan. 13, 2012). Inherent in this analysis is that one's indigence is insufficient to establish exceptional circumstances.

Zeller's mental illness does not appear to have hindered his capacity to litigate, as evidenced by his numerous filings in this case. His motions and previous filings demonstrate his ability to present the basis of his claims. Moreover, Zeller has shown that he understands and is able communicate with the Court and respond to Orders. For example, after receiving notice that he may file an opposition to Defendants' dispositive motion, Zeller wrote to the Court to state he had yet to receive a copy of the Motion. The Court therefore ordered Defendants to send a copy of the dispositive motion to Zeller and to file a copy of an acknowledgment of receipt. Zeller's multiple cases and mental health condition are not exceptional circumstances to warrant appointment of counsel at this time. If his case were to proceed to discovery or require an evidentiary hearing, the Court would then consider whether appointment of counsel is warranted. The Motion for Appointment of Counsel will therefore be denied without prejudice.

## II.     Motion to Dismiss or, in the Alternative, for Summary Judgment

In their Motion, Defendants assert that they are entitled to dismissal or summary judgment on several grounds, including that (1) Zeller failed to exhaust administrative remedies; (2)

5

Defendants are entitled to qualified immunity; (3) Zeller has failed to state a plausible Eighth Amendment claim of deliberate indifference to a serious medical need; and (4) Zeller has failed to state a plausible claim against Barrett.

### A. Legal Standards

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) or summary judgment pursuant to Rule 56. To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions or conclusory statements do not suffice, *Iqbal*, 556 U.S. at 678. The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

Defendants have attached exhibits to their Motion. Typically, when deciding a motion to dismiss under Rule 12(b)(6), the Court may consider only the complaint and any attached documents "integral to the complaint." *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). Rule 12(d) requires courts to treat such a motion as a motion for summary judgment where matters outside the pleadings are considered and not excluded. Fed. R. Civ. P. 12(d). Before converting a motion to dismiss to one for summary judgment, courts must give the nonmoving party "a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* "Reasonable opportunity" has two requirements: (1) the nonmoving party must

have notice that the court is treating the 12(b)(6) motion as a motion for summary judgment, and (2) the nonmoving party "must be afforded a reasonable opportunity for discovery" to obtain information essential to oppose the motion. *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985) (citation omitted). Here, the notice requirement is satisfied by the title of the Motion. To show that a reasonable opportunity for discovery has not been afforded, the nonmoving party must file an affidavit or declaration under Rule 56(d) explaining why "for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). *See Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 245 (4th Cir. 2002). Where Zeller has provided no such affidavit or explanation, the Court may construe the Motion as one for summary judgment on issues for which it considers the record evidence.

Under Federal Rule of Civil Procedure 56(a), the Court grants summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In assessing the Motion, the Court views the facts in the light most favorable to the nonmoving party, with all justifiable inferences drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The Court may rely only on facts supported in the record, not simply assertions in the pleadings. *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Id.* at 248-49.

## B.     Exhaustion of Administrative Remedies

Defendants raise the affirmative defense that Zeller has failed to exhaust administrative remedies because he filed no administrative remedy procedure grievances ("ARPs") relating to the claims asserted in the Complaint and Amended Complaint. Under the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134 § 803, 110 Stat. 1321 (1996) (codified as amended at 42 U.S.C. § 1997e(a)):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (2012). Inmates must exhaust administrative remedies before they bring any "suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Exhaustion is mandatory and generally may not be excused unless the administrative procedure is not available. *See Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016) (holding that an inmate "must exhaust available remedies, but need not exhaust unavailable ones"). "[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). In *Ross*, the United States Supreme Court identified three circumstances when an administrative remedy is unavailable. An administrative procedure is not available when officers are consistently unwilling or unable to provide relief to aggrieved inmates, the procedure is so opaque that it is practically incapable of use, or prison administrators actively thwart inmates from filing grievances. *Ross*, 136 S. Ct. at 1859-60.

In Maryland prisons, for the type of claims asserted by Zeller, the Administrative Remedy Procedure ("ARP") is the administrative process that must be exhausted. *See generally* Md. Code Ann., Corr. Servs. §§ 10-201 to -210 (2002); Md. Code Regs. ("COMAR") 12.02.28.02(B)(1) (2018) (defining the ARP). First, a prisoner must file a grievance, known as an "ARP," with the warden of the prison within 30 days of the incident or when the prisoner gains knowledge of the injury giving rise to the complaint. Second, if the ARP is denied, a prisoner must file an appeal to the Commissioner of Correction within 30 days. If the appeal is denied, the prisoner must appeal within 30 days to the Inmate Grievance Office ("IGO"). *See* Md. Code. Ann., Corr. Servs. §§ 10–206, 10–210 (West 2002); COMAR §§ 12.07.01.03, 12.07.01.05.B. Inmates may seek judicial review of the IGO's final determinations in a Maryland Circuit Court. Md. Code Ann., Corr. Servs. § 10–210.

Zeller was confined at JCI from January 4, 2016 to July 18, 2017. Defendants have submitted the declaration of Erika M. Fitch, the JCI Administrative Case Manager and Litigation Coordinator, who asserts that she reviewed JCI's records of ARPs and found none filed by Zeller during the time periods relevant to Zeller's Complaint. As to Zeller's excessive force claim, Fitch also searched for and found no use of force or serious incident reports on file for the dates alleged by Zeller. Similarly, a review of the files of the Intelligence and Investigative Division ("IID") of the Maryland Department of Public Safety and Correctional Services ("DPSCS") revealed no record of any investigative files relating to Zeller as an alleged victim of excessive force, including during June 2017.

Zeller has offered no evidence to refute this evidence that Zeller never exhausted administrative remedies for his claims. Indeed, the fact that Zeller filed his Complaint in this Court on June 12, 2017, only seven days after the alleged incident of excessive force by Jordan on June

5, 2017, necessarily establishes that Zeller could not and did not exhaust administrative remedies before filing suit on his excessive force claim. *See, e.g., Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) (holding that inmates must exhaust administrative remedies before filing suit); *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 534-35 (7th Cir. 1999) (same). Accordingly, the Court finds that Zeller did not exhaust administrative remedies on his claims relating to prison conditions, including his claims of excessive force and destruction of property in June 2017, his failure to receive a welfare package in May 2017, and the denial of library access. The Motion will be granted as to those claims.

### C.    Medical Claims

Zeller also asserts that he was denied medical care or has received inadequate medical care, in violation of the Eighth Amendment. An Eighth Amendment claim relating to inadequate medical care requires a showing of "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). Such indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff was aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). The subjective knowledge component requires that the prison official is "subjectively knows of and disregards an excessive risk to inmate health or safety." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Neither an "inadvertent failure to provide adequate

medical care" nor negligence in diagnosing or treating a medical condition amounts to deliberate indifference. *Estelle*, 429 U.S. at 105-06.

In the Amended Complaint, Zeller assets that his "cervical neck" was damaged after an alleged attack by Jordan in May 2017, such that he suffers pain that prevents him from sleeping, but that he was not treated properly on May 11, 2017 and has not been seen by medical personnel since that date. Am. Compl. at 3. He also complains that his ankles and lower legs are swollen and that he has received inadequate medical care for that condition. Finally, he claims that his wheelchair was improperly confiscated during that episode. Zeller's medical claims in the Amended Complaint were raised and resolved in an earlier case, *Zeller v. Lane*, TDC-17-1016. Indeed, the Amended Complaint appears to be recycled from that case, as evidenced by the fact that Zeller wrote "Case 8:17-CV-01016-TDC" on each page of that document. In *Lane*, Zeller claimed that he did not receive timely medical attention after an incident on May 11 or 12, 2017 during which he was assaulted by Jordan, that the medical care he did receive for his neck, ankle, and foot pain was inadequate, and that his wheelchair was improperly confiscated. *Zeller v. Lane*, No. TDC-17-1016, 2018 WL 3763876 at *1-2 (D. Md. Aug. 8, 2018). After reviewing the submitted evidence, the Court ruled that Zeller's claims of inadequate medical care for his chronic neck pain and his swollen feet and ankles did not establish a claim of deliberate indifference under the Eighth Amendment. *Id.* at *5-6. The Court also rejected Zeller's claim that his wheelchair was improperly taken. *Id.* Accordingly, where the Court has already decided these claims, the Court will grant the Motion as to the claims relating to medical care and the removal of Zeller's wheelchair asserted in the Amended Complaint.

Zeller arguably has asserted new medical claims in the original Complaint, in which he asserted that following the alleged attack by Jordan in June 2017, he was not allowed to see medical

personnel and that medical personnel refused to treat him. To the extent that these allegations could be construed as new allegations not previously resolved, Zeller has not provided sufficient facts to support a plausible claim for relief. In particular, he has not named the medical personnel who allegedly denied him medical care, what care was needed, and when he was denied the care. Moreover, where Defendants have submitted medical records reflecting that Zeller refused his medications throughout June 2017, and Zeller has provided no evidence refuting those records, the Court finds that Zeller has not established deliberate indifference to a serious medical need and will grant the Motion as to this claim.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment will be GRANTED. A separate Order shall issue.

Date: August 22, 2019

THEODORE D. CHUANG
United States District Judge